**RALCORP HOLDINGS, INC., Plaintiff**

v.

**Warren FRICKE, et al., Defendants**

and

**American General Annuity, et al., Interpleader Plaintiffs**

v.

**Ralcorp Holdings, Inc., Interpleader Defendant**

**No. CIV.A. 5:01CV–255–J.**

United States District Court, W.D. Kentucky, At Paducah,

June 30, 2003.

**760**

Brent R. Baughman, Greenebaum Doll & McDonald, J. Mark Grundy, Greenebaum Doll & McDonald, Linda H. Clare, Sharps & Associates, Lisa H. Thomas, Greenebaum Doll & McDonald, Louisville, KY, for Ralcorp Holdings, Inc., Health Plan, Plaintiff.

E. Frederick Straub, Jr., Whitlow, Roberts, Houston & Straub, Guthrie H. Allen, III, Whitlow, Roberts, Houston & Straub, Paducah, Timothy L. Mauldin, Bell, Orr, Ayers & Moore, Bowling Green, Charles S. Cassis, Frost Brown Todd LLC, Rebecca A. Wood, Frost Brown Todd LLC, Robert L. Steinmetz, Frost Brown Todd LLC, Louisville, KY, for Warren Fricke, Whitlow, Roberts, Houston & Straub, Thomas L. Osborne, Unknown Corporation I, Unknown Corporation II, Unknown Corporation III, American General Annuity Insurance Company, American General Assignment Corporation, Liberty Life Assurance Company of Boston, Defendants.

## MEMORANDUM OPINION

JOHNSTONE, Senior District Judge.

This case presents plaintiff Ralcorp's claim that it is entitled to reimbursement for payments made for medical care. The matter is before the Court on plaintiff's motion for summary judgment. After examining the materials of record, the arguments of the parties and the applicable authorities, the Court is of the opinion that there is no genuine dispute of material fact and that plaintiff is entitled to judgment as a matter of law.

Warren Fricke was injured in an automobile accident with a third party. Pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), Ralcorp administered a Health Plan for the employees (and their dependents) of its wholly-owned subsidiary, Bremner, Inc. Fricke was covered by the Plan by virtue of his stepfather's Bremner employment. Pursuant to the Plan, Ralcorp paid medical expenses totaling $111,505.44.

In the customary course of events, such a Health Plan would receive reimbursement for these expenses upon Fricke's recovery of damages from the tortfeasor. However, Fricke's claim against the third party ended in a structured settlement accomplished in pertinent part by the tortfeasor's purchasing a single-premium annuity. This arrangement provided for periodic payments to Fricke, with all payments being completed by September 2025; however, it did not provide for any

reimbursement to Ralcorp. American General Annuity Insurance Company and American General Assignment Corporation (hereinafter "American General") have paid into the registry of the Court the amounts due Fricke under the settlement agreement.

In connection with a previous dispute concerning interpleader, defendant Fricke argued that public policy favors structured settlements, citing *J.G. Wentworth v. Jones,* 28 S.W.3d 309, 313 (2000). This remains a significant consideration. While the facts of *Wentworth* have little resemblance to ours, the Court agrees that *Wentworth* speaks favorably of structured settlements, which provide an income stream for victims.[1] However, as the Court previously noted, neither the language of *Wentworth* nor any other authority suggests that public policy favors insulating structured settlements from any type of lawsuit. The Court must also consider the public policy which favors carrying out the intent of ERISA and resists defeat of its reimbursement provisions. To the extent that policy considerations come into play in connection with the current motion for summary judgment, the Court is confronted with the necessity of balancing the public policy expressed by ERISA against the public policy favoring structured settlements.

The critical question in this case is whether Ralcorp's efforts to recover sums it paid sound in equity or in law. The parties agree that in *Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002), the Court confirmed that only "equitable relief" is permitted under ERISA. Ralcorp contends that it is seeking to impose a constructive trust—plainly an equitable remedy—on the proceeds payable to Fricke. Alternatively, Ralcorp claims that Fricke has been unjustly enriched, and the payments made for medical expenses should be restored to Ralcorp. Fricke contends that the "constructive trust" theory is inapplicable in this case because the funds that Ralcorp seeks were never "owned" or even possessed by Ralcorp, and that "unjust enrichment" implies a legal remedy (quasi contract) rather than an equitable remedy.

The Court has examined the cases cited by the parties, and finds that none of them is directly on point. For example, *Helfrich v. PNC Bank, Kentucky, Inc.,* 267 F.3d 477 (6th Cir.2001), relied upon by Fricke for the proposition that the property sought in this case was never owned by Ralcorp, is readily distinguishable factually. In that case, a plan participant claimed that a plan administrator failed to transfer funds to a higher performing fund in accordance with the participant's directives. The Sixth Circuit held that the participant's attempt to recover the amount of his losses resulting from failure to transfer was actually a claim for damages. This Court has no difficulty seeing that the funds sought in that case had never been owned or possessed by the plaintiff.

In the current case, by contrast, plaintiff advanced funds for payment of Fricke's medical expenses, and it did so under an arrangement that plainly entitled Ralcorp to reimbursement of those amounts upon Fricke's recovery from the tortfeasor. In essence, Ralcorp is claiming that its property is sitting in the settlement fund. This situation bears much more resemblance to

---

1. In *Wentworth,* a third party with no connection to the tort victims/structured settlement beneficiaries, purported to purchase from the tort victims their right to receive period payments. The invalidation of this purported purchase turned on the specific language of the settlement agreement, which named the tortfeasor's insurer as the assignee of the annuities.

the constructive trust scenario than to a claim for damages.

The Court finds great guidance in *Wal–Mart Stores, Inc. Associates' Health and Welfare Plan v. Wells*, 213 F.3d 398 (7th Cir.2000). In that case, like this one, the plaintiff paid a plan participant for medical expenses incurred as a result of an automobile accident. In that case, like this one, the payments were subject to a 100% reimbursement provision, should the participant receive payments as a result of a judgment or settlement in an action against the tortfeasor. Unlike this case, the funds would have been in the participant's hands had her attorney not intercepted them and placed them in escrow pending resolution of the reimbursement issue. The Seventh Circuit noted differences among the circuits regarding the outer limits of equity jurisdiction for ERISA purposes. However, it concluded, "We need not consider in this case the outer bounds of ERISA's concept of equity, as a suit to impose a constructive trust nestles comfortably within them under any view." *Id.* at 401.

While the Court has no authority to call upon defendant insurers to make payments outside the agreed upon schedule, this Court concludes that Ralcorp is entitled to receive payments in Fricke's stead up to the point of reimbursement for amounts previously paid Fricke by Ralcorp. Such a conclusion fits within the common understanding of the equitable theory of constructive trust. To allow Fricke to retain the amounts paid by Ralcorp despite settlement with the tortfeasor for, in part, the same amounts, would be wholly unjust, and would frustrate the intent of ERISA.

An order in conformity has this day entered.

### SUMMARY JUDGMENT

This case having come before the Court on plaintiff Ralcorp Holdings, Inc.'s motion for summary judgment, and the Court having entered its memorandum opinion and being advised,

IT IS ORDERED that plaintiff's motion for imposition of a constructive trust and for entry of judgment as a matter of law (DN 39) is granted.

This is a final and appealable judgment and there is no just cause for delay.